## ARTHUR DEMPSEY, JR.,

*v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

1. UNSWORN TESTIMONY—*in a criminal case.* While a witness was testifying in behalf of the people, on the trial of a party on the charge of murder, a juror inquired of a by-stander who had not been sworn, if the statements of the witness were true, and he stated they were: *Held,* that it was error to permit such unsworn testimony to go to the jury.

2. Nor was it any the less error to permit such unsworn statement to go to the jury, that no objection was made thereto, as the prisoner, in a capital case, stands upon all his rights, and waives nothing by his silence in regard to such testimony; nor was it incumbent on the prisoner to move to have it excluded from the jury; in such case it was the duty of the court to prevent the statement from being made, and if that could not be done, then, on his own motion, to exclude it from the jury.

3. ACCESSORY BEFORE THE FACT—*indictment for murder.* Under an indictment for murder, proof is admissible that the defendant was an accessory before the fact; under our statute an accessory before the fact being deemed a principal, and punishable as such, he may be indicted, tried and convicted as principal.

WRIT OF ERROR to the Circuit Court of Randolph county; the Hon. SILAS L. BRYAN, Judge, presiding.

The opinion states the case.

Mr. H. K. S. O'MELVENY and Mr. THOMAS G. ALLEN, for the plaintiff in error.

Mr. AMOS WATTS, for the people.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It appears from the record in this case that plaintiff in error was indicted in the Washington Circuit Court, for the

murder of Benjamin Rainey. The venue was afterwards changed to Randolph county, and a trial was had at the September term, 1867, of that court, but the jury failing to agree, the accused was admitted to bail. At the April term, 1868, another trial was had by the court and a jury, which resulted in finding the defendant guilty, and his sentence to be hung. He brings the record to this court, and assigns a number of errors, for a reversal of the judgment.

, In the progress of the trial, Lewis W. Jackson, a witness on the part of the prosecution, testified that he was hired by the accused to kill deceased, and that in pursuance to that arrangement, had shot him while plowing in the field. In the course of his evidence, he stated that he left Washington county the next day after the murder; came through the woods to Chester; stopped at Georgetown; bought a coat, a hat, a pair of shoes and a knife at that place. A juror thereupon called on George M. Suesberry to know of him if he knew if the statement of the witness, Jackson, in reference to having been in Georgetown, Randolph county, Illinois, was correct. Suesberry came forward, and said that the witness' statement in reference thereto was perfectly correct.

It is urged that it was error to permit this unsworn statement to go to the jury as evidence. In capital cases, every feeling of humanity, as well as the principles of justice, require that the accused should have a fair and impartial trial. In such trials, the essential forms of the law, adopted and adhered to for the purpose of protecting the citizen in his rights, must be observed. And one of these requirements, coeval with the common law itself, is, that the people's witnesses, in all criminal proceedings, must be sworn before they can give testimony. To permit bystanders to give testimony, not under the sanction of an oath, is not only contrary to law, but is opposed to our sense of justice, in any case, but the mind is shocked when such evidence is given against the accused in a capital case. Human life cannot be sported with

in this manner.    To permit it. would be to place the life of the accused at the mercy of the unscrupulous, actuated by we know not what feelings of prejudice, passion or malignity, without the fear of punishment in this life or in the future for the crime of perjury.    Such evidence has never been, and we presume never will be, sanctioned by the laws of a civilized and christian people.

It may be urged that this testimony was unimportant, and could not have worked any injury to plaintiff in error.    Who can say what influence it may have had upon the minds of the jury?    We presume neither they nor any one else could tell.    Here was a witness, giving the extraordinary evidence that he fired the fatal shot, for a pecuniary consideration alone, without malice against deceased.    And whose testimony would be regarded with suspicion, unless corroborated by evidence, and who can say that this unsworn statement may not have been regarded by the jury as highly important as corroborative evidence.    It would seem that the juryman who called for Suesberry, and asked the question, must have regarded it as important to remove doubts of the truth of Jackson's testimony, or why ask the question?    In permitting this testimony to remain before the jury there was error.

It may be urged that the error was waived, inasmuch as the statement was not objected to by the accused.    We do not see well how objection could have been interposed, as the question was not asked by the prosecuting attorney, but by a juror, and the answer may have been instantly given.    Again, it is an ancient maxim of the law, that in capital cases, accused stands upon all his rights, and waives nothing.    He then could not be prejudiced by failing to object to the introduction of this evidence.    And the same may be said as an answer to the fact that he did not move to have it excluded from the jury.    It is the province of the judge trying the accused, to see that he has a fair and impartial trial, and if within his power, he should have prevented the statement from being

made, and if that could not be done, then he should have, on his own motion, excluded it from the jury.

It is also insisted that plaintiff in error could not be legally convicted under the indictment in this case. By it he is charged with having murdered Benjamin Rainey, while the prosecution endeavored to show that he was an accessory before the fact. It is contended that in such a prosecution he should have been indicted as an accessory before the fact, and, having failed to do so, the people should be precluded from establishing his guilt in that mode. Our statute declares an accessory before the fact to be a person who stands by and aids, abets or assists; or who, not being present, aiding, abetting or assisting, hath advised and encouraged the perpetration of a crime; and that a person thus aiding, abetting or assisting, and advises or encourages, shall be deemed a principal and punished accordingly. The statute having declared such persons principals, no reason is perceived why they may not be indicted as such.

In the cases of *Baxter* v. *The People*, 3 Gilm. 368, and *Brennan* v. *The People*, 15 Ill. 511, this court held that an accessory before the fact might be indicted, tried and convicted as a principal. These cases are decisive of the question. Nor do we see any sufficient reason to overrule those cases. They have long stood unshaken as the law of the land, and unless we could perceive some great and urgent necessity for their being overturned, we are not inclined to overrule or shake their authority.

In the view we have taken of this case, we deem it unnecessary to discuss the other questions presented on this record, as they will probably not arise on another trial. But for the error above indtcated, the judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*