### No. 2,115.

THE PEOPLE OF THE STATE OF CALIFORNIA, RESPONDENTS,

*v.* WILLIAM TRIM, APPELLANT.

$$\frac{39 \quad 75}{78 \quad 87}$$

CRIMINAL PRACTICE.—DECLARATIONS OF AN ACCOMPLICE.—Upon the separate trial of one of the alleged confederates in the commission of a criminal offense, after evidence has been introduced to establish the confederation or conspiracy, sufficient, in the opinion of the Court, to go to the jury, any act or declaration of either confederate, in furtherance of the object and purpose of the confederation, is competent against the other.

IDEM.—Upon the separate trial of one of two parties on an indictment for arson, in burning a building covered by insurance, with the intent to defraud the insurer, the attempt of the other party to procure the payment from the insurer of the amount of the loss insured against, is competent evidence as acts and declarations of a co-conspirator, in furtherance of the original purpose of the conspiracy to defraud the insurer.

ARSON.—PROOF AGAINST ONE INDICTED AS PRINCIPAL.—It is not necessary to the conviction of a party under an indictment, charging him as principal in the offense of arson, that the evidence should establish that he burned the house himself, or applied the torch to the building with his own hand.

PRINCIPAL AND ACCESSORY.—A party indicted as principal, cannot be convicted upon evidence tending only to show that he was an accessory before the fact.

APPEAL from the County Court of the City and County of San Francisco.

The following is the instruction refused by the Court below, and commented on in the opinion :

"Defendant in this case is charged with the burning, feloniously, of the house occupied by him and his wife. You must be satisfied, from the evidence, that the defendant burned the house himself. Proof that the defendant advised or encouraged the burning of the house, not being present at the time, would not warrant the conviction of the defendant under this indictment."

The other facts of the case are stated in the opinion.

*Geo. W. Tyler,* for Appellant.

*First*—The rule seems to be settled, that whatever was said or done by one of two parties, jointly indicted for the commission of the same crime, in pursuance of the common design, before and up to the time the crime was committed, is admissible against the other ; but what has been said or done by either after the commission of the crime, is inad-

missible against the other, unless he was present. (Wharton's American Criminal Law, 326; 1 Philips' Evidence, 94; *Rex* v. *Salter*, 5 Espinasse, 125; *Regina* v. *Murphy*, 8 C. & D. 297; *State* v. *Poll*, 1 Hawks. 442; *State* v. *Hanney*, 2 Dev. & Batt. 390; 7 Yerger, 259; 1 Greenl. Ev. Sec. 3; Roscoe's Criminal Evidence, * page 87.)

*Second*—The second exception raises the question, whether a party, indicted as a principal, can be indicted on proof of acts that would make him an accessory before the fact at common law.

It is true that the distinction between principals and accessories before the fact has been abolished by the statute, so that they are all treated as principals. But it is submitted that this class does not do away with the necessity of alleging the facts in the indictment which is expected to be proved on the trial. (*People* v. *Schwartz*, 32 Cal. 160.)

The Court should have given the latter part of the instruction asked.

He is charged with the burning of the house himself, and not "with standing by and aiding, abetting or assisting," nor with "having advised and encouraged" the burning, and we submit that it was necessary to prove the exact criminal charge as alleged.

*Jo Hamilton*, Attorney General, for Respondents.

Under the indictment—which was for the statutory offense of burning, with the intent, fraudulently, to procure insurance money—that the testimony objected to was competent, as part of the *res gestœ*. The acts and declarations were in and about the *matter of procuring the money*; and relating, as they did, to that, they were part and parcel of the offense.

Sprague, J., delivered the opinion of the Court:

Appellant, William T. Trim and Mary F. Trim, as principals, were jointly indicted for the crime of arson, in the second degree, under the seventh section of the Act of April 16, 1856 (Stats. 1856, p. 132), which section reads as follows: "Every person who shall wilfully burn, or cause to be

burned, any building, ship, vessel, or other water craft, or any goods, wares, merchandise, or other chattel, which shall be at the time insured against loss or damage by fire, with intent to injure or defraud such insurer, whether the same be the property of such person or of any other, shall, upon conviction, be adjudged guilty of arson in the second degree, and punished accordingly." By the record, it appears that appellant was tried separately, and convicted of the offense charged in the indictment, and now, on appeal from the judgment, insists upon a reversal thereof upon two grounds :

*First*—Error in the Court below in admitting evidence of the declarations of Mary F. Trim, who was jointly indicted with appellant for the same offense, against his objections; and,

*Second*—In refusing to give certain instructions to the jury, asked for by him.

The record discloses that the declarations of Mary F. Trim, given in evidence, on the trial, against appellant's objections, were admitted by the Court after preliminary evidence had been introduced by the prosecution tending to prove that appellant and Mary F. Trim conspired together to commit the offense charged in the indictment, sufficient, in the opinion of the Court, to go to the jury. That these declarations, so admitted, in substance, were, that on the next day after the burning of the house, charged in the indictment, at the office of the insurer of the premises, Mary F. Trim stated to the witness, who was President of the insurance corporation, that she was burned out, and wanted to be settled with, and the succeeding day she again, at the same place, stated to the witness that she wanted to be settled with then and there.

The offense, as defined by the statute above referred to, and as charged in the indictment, consists of burning the building insured against loss or damage by fire, with intent to injure or defraud the insurer. The intent to defraud the insurer of such building is quite as essential to constitute the offense under the statute as the intent to destroy the insured building by fire; and after evidence tending to

establish that accused had knowledge of the fact that the
burned premises were insured, evidence tending to show
that he procured, or sought to procure, the payment of the
value of the destroyed insured property from the insurer,
would manifestly be most pertinent to establish the intent
to injure and defraud such insurer. Acts and declarations
of the accused himself, importing a design and effort to col-
lect the amount of the loss upon the policy, it is conceded
would be competent; but it is contended that the acts and
declarations of his confederate in the alleged offense, imply-
ing a design and purpose to collect the amount of the loss
from the insurer, are incompetent, by reason of such acts
and declarations having occurred after the offense of burn-
ing the house had been consummated. As before remarked,
the offense with which defendant was charged, as defined by
the statute, consists of burning the house insured from loss
or destruction by fire, *with intent* to injure or defraud the
insurer. The criminal intent, then, under this statute, is as
strongly evidenced by an effort of the parties causing the
destruction of the house by fire, to obtain from the insurer
the value of the destroyed property, as is the act of wilfully
applying the torch to the house. After evidence tending to
establish a confederation or conspiracy to commit the offense
between defendant and Mary F. Trim, sufficient, in the
judgment of the Court, to go to the jury, any act or declara-
tion of either confederate, in furtherance of the object and
purpose of the confederation, is competent evidence against
the other. (Roscoe Cr. Ev. 387; 1 Phil. E. Mar. p. 205 and
note 83; 1 Greenl. Ev. Sec. 111; 1 Whar. Am. Crim. Law,
Sec. 702.) If, then, the defendant and Mary F. Trim con-
spired together to commit the offense charged in the indict-
ment, the object and purpose of the conspiracy was to burn
the house and then procure payment from the insurer thereof
for the loss which they had voluntarily occasioned. This
object and purpose would not be fully accomplished until
such payment had been actually made; hence, under the
rule as above stated, the acts or declarations of Mary F.
Trim, evidencing an effort on her part to procure payment
from the insurer of the amount of the loss insured against

was clearly competent as acts and declarations of a co-conspirator, in furtherance of the original object and purpose of the conspiracy.

The second assignment of error is not well taken. The instruction, as asked, from aught that appears from the record before us, was properly refused. No part of the evidence is before us, except that portion embodying the declarations of Mary F. Trim. Whether the evidence tended to establish that the defendant was principal in the first or second degree, or was merely an accessory before the fact, does not appear; hence, no error is disclosed by the record in refusing this instruction, even if the same was admitted correct as an abstract proposition; but the instruction, as a whole, is manifestly incorrect as an abstract proposition of law. It is not necessary, to the conviction of a party under an indictment charging a party as principal in an offense of this character, that the evidence should establish that he burned the house himself, or applied the torch to the building with his own hands, as stated in the first part of the instruction. But the latter part of the instruction, under our Criminal Code, is doubtless correct as an abstract proposition. A party indicted as principal cannot be convicted upon evidence only tending to show that he was an accessory before the fact, because the acts constituting the offense, which are required to be stated in all indictments under our Criminal Code, must, of necessity, be essentially different when a party is charged as principal, from what they would be when he is charged as an accessory before the fact; and the venue of the offense, in case of a principal, may be in one county, and that of an accessory before the fact, may, necessarily, be in another and different county.

Although an accessory by the 11th Section of the Act concerning crimes and punishments, is "deemed and considered as principal and punished accordingly," yet the acts of an accessory constituting the offense, and which are required to be stated in the indictment, must, of necessity, be different from acts constituting a principal offender. But the record in this case does not show but that the evidence tended to establish the acts as charged in the indictment against the

defendant, and this Court will not presume error.    If error is alleged, it must be shown by the record.

Judgment affirmed.