[No. 3,494.]

## THE PEOPLE v. ALBERT OUTEVERAS.

ACCESSORY BEFORE THE FACT.—An accessory before the fact in the commission of a felony must be indicted, tried and punished, as a principal in the first degree.

ACCESSORIES BEFORE THE FACT ARE PRINCIPALS.—Accessories before the fact, that is to say, those who, not being present at the commission of the offense aiding and assisting, have, nevertheless, advised and encouraged its perpetration, are termed accessories by the statute, and under its provisions are made principals.

PRINCIPALS IN THE SECOND DEGREE AND ACCESSORIES.—Principals in the second degree, and accessories before the fact, are all deemed chief actors; that is, principals in the first degree in the commission of the felony, and are to be indicted, tried, and punished as such principals.

APPEAL from the Municipal Criminal Court of the City and County of San Francisco.

The defendant appealed from the judgment and from an order denying a new trial.

The other facts are stated in the opinion.

*E. F. Preston*, for the Appellant, argued that there was a fatal variance between the evidence and the indictment, and that the Court erred in its charge to the jury, because the defendant could not be convicted of breaking and entering a house, when he merely stood at a distance while the felony was committed; and cited *People* v. *Schwartz*, 32 Cal. 160; *People* v. *Trim*, 39 Cal. 75, and *People* v. *Campbell*, 40 Cal. 129.

*Attorney-General Love*, for The People.

*C. B. Darwin*, also for The People.

Under the common law, all are principals in treason, and a result of this principle was, that the indictment ignored the distinction between accessories and principals.

When our statute abolishes the distinction between principals and accessories, as it does in plain terms, why should not the indictment ignore the distinction. If the accessory before the fact is by statute made principal, the acts of the principal become those of the accessory—are attributable to the accessory—the accessory is held accountable for the acts of the principal; and when you charge him with the same acts as the principal, or charge both jointly with the same acts, you are charging what is true. (1 Iowa, S. Greene, p. 114; *Berry* v. *State*, 10 Georgia, 511; *Shannon* v. *The People*, 5 Michigan, 71; *Baxter* v. *The People*, 3 Gilman, 368, and *Brennan* v. *The People*, 15 Ill. 512.)

By the Court, WALLACE, C. J.:

The prisoner was convicted, upon the statute of 1864, of a felony committed in breaking and entering a house in the day-time, with intent to commit larceny. The indictment under which he was convicted contains but one count, and alleges as follows: "The said Richard N. Carter and Albert Outeveras, on the 28th day of December, A. D. 1871, at the City, County and State aforesaid, about the hour of four of the clock, P. M., of the day-time of the same day,

with force and arms, the building of one Clara N. Mann, there situate, feloniously did break and enter, with intent then in said building to commit larceny, contrary to the form, force and effect of the statute," etc.

It appears that the prisoner, in company with one Carter, jointly indicted with him, approached the house mentioned, when, in pursuance of an understanding had between the two, Carter entered the house and committed a larceny by stealing two silver cups therefrom. The prisoner did not enter the house, but, at the request of Carter, he waited outside, and in the immediate vicinity, for fifteen or twenty minutes, until the latter came out with the stolen property. When Carter emerged from the building with the cups in his possession, the prisoner inquired as to what property he had obtained, and being informed, the two repaired together to a room which they occupied together, and there endeavored to obliterate the names engraven on the stolen cups, and the prisoner, having afterwards put them in pawn, the two shared the proceeds between them.

The evidence was given under objection, and the prosecution having rested, the defendant moved the Court to instruct the jury to find a verdict of not guilty, on the ground that there was a fatal variance between the indictment and the proof, in that the indictment proceeded against him as being a principal in the felony, while the proof showed at most that he was "an accessory, aiding and abetting." This motion was denied, and an exception was thereupon taken by the prisoner. The Court then charged the jury that, if they should find the fact to be that Carter and the defendant had made an arrangement for stealing property, by which the actual taking was to be done by Carter, and that, in pursuance of that arrangement, the prisoner was present and waited outside the house while Carter went in and committed the larceny, they should find the defendant guilty, as charged in the indictment. To this instruction the prisoner reserved an exception.

Under the rule of the common law the circumstances in proof constitute the prisoner a principal in the second degree, as being constructively present, *ope et consilio*, aiding

and abetting the commission of the act, with the design of giving assistance, and near enough to have actually afforded it had it become necessary. The statute concerning crimes and punishments (Sec. 11), is as follows: "An accessory is he or she who stands by and aids, abets or assists, or who, not being present aiding, abetting or assisting, hath advised or encouraged the commission of the crime. He or she who thus aids, abets or assists, advises or encourages, shall be deemed and considered as principal, and punished accordingly." Principals in the second degree, that is to say, persons who stand by aiding and abetting the act, and accessories before the fact; that is to say those who, not being present at the act, aiding, abetting or assisting, have, nevertheless, advised and encouraged its perpetration, are all termed accessories by the statute, and under its provisions are constituted principals. So by the Act to regulate proceedings in criminal cases (Sec. 255), it is provided as follows: "No distinction shall exist between an accessory before the fact and a principal, or between principals in the first and second degrees in cases of felony; and all persons concerned in the commission of a felony, whether they directly commit the act constituting the offense, or aid and abet in its commission, though not present, shall hereafter be indicted, tried and punished as principals." The substance of these provisions, taken together, is, that principals in the second degree and accessories before the fact, are all deemed chief actors; that is, principals in the first degree in the commission of the felony, and are to be indicted, tried and punished as such principals. Under the statute a prisoner can no longer be recognized as a principal in the second degree, nor an accessory before the fact in the commission of a felony. These distinctions no longer obtain for any purpose in the administration of the law of felony, the statute having substituted in their stead the more convenient rule of the common law of misdemeanors, where such distinctions had never been recognized. This was the view taken in 1846 by the Supreme Court of Illinois, upon a statute of which the eleventh section of our Act concerning crimes and punishments, will

be seen to be an exact transcript. The prisoner had been indicted as a principal in the crime of murder, and, at the trial, the Circuit Court was asked to instruct the jury that evidence of guilt as accessory before the fact would not support a conviction under the indictment. The instruction was refused, and upon this point the Supreme Court said:

"The correctness of the decision of the Court in refusing to give these instructions must depend upon the construction of our statute. By the thirteenth section of the Criminal Code it is declared: 'An accessory is he or she who stands by and aids, abets or assists, or who, not being present, aiding, abetting or assisting, hath advised or encouraged the perpetration of the crime. He or she who thus aids, abets or assists, advises or encourages, shall be deemed and considered as principal, and punished accordingly.' And the inquiry is, whether proof that the prisoner was accessory to the crime before the act will sustain an indictment against him as principal. The Act says that such accessories shall be deemed and considered as principals and punished accordingly. This Act, then, makes all accesssories at or before the fact, principals. The declaration that they shall be 'deemed and considered,' is as unequivocal an expression as if the Act had said, 'are hereby declared to be.' It is true, the Act states what an accessory is, but then it declares in substance that he is principal. It was in perfect harmony with the system pursued by the Legislature to go on and define what an accessory is, as it has defined all other offenses which it has attempted to enumerate, and it does not detract from the force of the provision that they shall be deemed and considered as principals. The distinction between accessories before the fact, and principals, is in fact abolished. At the common law an accessory at the fact might be indicted and convicted as principal, for the common law declares that he who stands by, advises and encourages the murderer to give the blow, gives the blow himself as much as if he held the weapon in his own hands. Our Legislature has gone one step further, and provided that he who, not being present, hath advised

or encouraged the giving of the blow, hath given the blow as much as if he had stood by and encouraged it, or even had struck with his own hands. It is no more a fiction of law to declare that he gives the blow, by advising and encouraging it beforehand, than it is to affirm that he gives it by advising and encouraging it at the time. Both proceed upon the principle that what we advise or procure another to do, in the eye of the law, we do ourselves. All are principals, and as such, should be indicted and punished. Indeed, they must be indicted as principals or not at all, for they are declared by the Act to be principals. If they are not to be indicted as principals, the very object of the law is defeated; if they are to be indicted as accessories, they must be tried and convicted as accessories, and then they could not be tried till after the conviction of the principals; for as we have before seen, we are bound by the rules of evidence of the common law, of which that is one. Such is the inevitable consequence, unless they are indicted and tried for murder, of which the statute says they shall be deemed and considered guilty. There is no doubt but that the pleader may, if he choose, and perhaps it would be advisable to describe the circumstances of the offense as they actually transpired, as it is in an indictment against an accessory before or at the fact; but if the stating part of the indictment be that way, it should conclude as for murder, for that is really the offense of which the party is guilty, if at all. It was urged that there was a variance between the proof and the allegation. That is true in one sense, and so it is true of an indictment for murder against an accessory at the fact; so it is too of an indictment for larceny against a clerk, an apprentice, a bailee, or a lodger, for embezzlement, which is declared by our statute to be a larceny, and they are always indicted as for stealing, taking and carrying away in the usual form. They are charged with a felonious taking, when, in truth, it is only a felonious conversion; and yet it is held there is no variance, for the law declared in effect that the felonious conversion shall make the original taking felonious, although it were lawful at the time. Then, as by the law in this case, the acts of the principal

are made the acts of the accessory, he thereby becomes the principal, and may be charged as having done the acts himself.   He shall be deemed and considered as principal, and be punished accordingly.   The Circuit Court decided correctly in refusing these instruction." (*Baxter* v. *The People*, 3 Gilman, 381.)

The case mainly relied upon to reverse the ruling of the Court below upon this point, is that of *People* v. *Campbell*, 40 Cal. 129.   In that case the judgment was reversed here upon the point that the jury, in finding the defendant guilty of murder, had not designated the degree of the crime.   In the course of the opinion in the Campbell case it was, however, assumed that the Court had already, in Trim's case, 39 Cal. 75, given an authoritative construction to the statute, and determined that one guilty as accessory before the fact could not be indicted and tried as though he were a principal; and undoubtedly such language is to be found in the opinion of the late Chief Justice, delivered in Trim's case. But the question was not involved in that case, nor even there assumed to be, for the judgment there given went distinctly upon the ground that, in the absence of the evidence upon the point, it was to be presumed that an instruction asked by the defendant was properly refused, as merely involving an abstract proposition of law.   In the supplemental opinion delivered in the Campbell case, 40 Id. 141, it is expressly declared that the true rule on the subject was the one laid down in the case of Schwartz, 32 Id. 160, and on referring to that case it will be found that it was determined in favor of the prisoner, principally on the distinct ground that the indictment had failed to sufficiently designate the person intended to be injured by the commission of the felony charged, though it was in effect said, in the course of the opinion, that an accessory before the fact may properly be indicted either as accessory or as a principal.   These are all the cases cited by the prisoner's counsel in support of the objection relied upon in this case.   Other cases, not cited, may be found looking in the same direction, but upon being looked into, they will be seen to rest upon one or the other, or all of the cases which we have thus re-examined.

Statement of Facts.

We are therefore of opinion that, under the statutes referred to, the prisoner, though shown to have been only principal in the second degree within the common law definition, was properly indicted, tried and punished as a principal in the first degree, in the felony for which the indictment proceeds.

Judgment and order denying a new trial affirmed.