# POLEN *v.* UNITED STATES.

---

CRIMINAL LAW; INDICTMENT; JOINT ASSAULT WITH ONE WEAPON; PRINCIPALS.

1. Where each of the counts of an indictment against several defendants charges all of the defendants with assault with a single weapon, it is not defective for uncertainty as an indictment for a joint assault, merely because the respective counts charge different defendants with having held the weapon.

2. A count of an indictment, charging three named persons with committing an assault with a weapon in the hands of one of them, is not defective as charging a physical impossibility in respect of one who is not charged with having held the weapon, since, when persons act as principals, the act of each is the act of the others. (Citing sec. 908, Code, D. C. [31 Stat. at L. 1337, chap. 854].)

No. 2526.   Submitted October 6, 1913.   Decided November 3, 1913.

HEARING on an appeal by one of several defendants from a judgment of conviction of the Supreme Court of the District

of Columbia after his demurrer to the indictment charging for an assault had been overruled.                              *Affirmed.*

The Court in the opinion stated the facts as follows:

Richard E. Polen, appellant, and others, were indicted for an assault upon one Hans Jansen with a dangerous weapon and wounding him therewith.

The third and fifth counts of which Polen was found guilty read as follows:

"Third count. And the grand jurors aforesaid, upon their oath aforesaid, do further present:

"That the said Louis Jefferson, the said George Barton, and the said Richard E. Polen, on the said twenty-ninth day of September, in the year of our Lord one thousand nine hundred and twelve, and at the District aforesaid, with force and arms, in and upon the said Hans Jansen, then and there being, feloniously and wilfully did make an assault with a certain dangerous weapon, to wit, a piece of brick in the right hand of the said George Barton then and there had and held; and the said Louis Jefferson, the said George Barton, and the said Richard E. Polen, with the said piece of brick, did then and there feloniously and wilfully strike, beat, cut, and wound the said Hans Jansen, in making the assault aforesaid; against the form of the statute in such case made and provided, and against the peace and government of the said United States."

"Fifth count. And the grand jurors aforesaid, upon their oath aforesaid, do further present:

"That the said Louis Jefferson, the said George Barton, and the said Richard E. Polen, on the said twenty-ninth day of September, in the year of our Lord one thousand nine hundred and twelve, and at the District aforesaid, with force and arms, in and upon the said Hans Jansen, then and there being, feloniously and wilfully did make an assault with a certain dangerous weapon, to wit, a piece of brick in the right hand of the said Richard E. Polen then and there had and held; and the said Louis Jefferson, the said George Barton, and the said

Richard E. Polen, with the said piece of brick, did then and there feloniously and wilfully strike, beat, cut, and wound the said Hans Jansen, in making the assault aforesaid; against the form of the statute in such case made and provided, and against the peace and government of the said United States."

No exception was taken to the introduction of evidence or to the charge of the court, and the only exception taken was to the order overruling defendant's demurrer to the indictment.

The objection to the third count as argued is that it charges Polen with an act physically impossible of performance, namely, assaulting Jansen with a brick held in the hand of another. Both counts, it is argued, are defective in that it is uncertain whether they charge a joint assault, or several separate assaults.

Mr. *Matthew E. O'Brien* for the appellant.

Mr. *Clarence R. Wilson,* United States District Attorney, and Mr. *S. McComas Hawken,* Assistant, for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

We perceive no uncertainty in the language used; nothing whatever that could mislead the defendants as to the offense with which they are jointly indicted.

It is not necessary to the charge of a joint assault by several persons, that they be specifically charged as acting "together and with each other." *Loggins* v. *State,* 32 Tex. Crim. Rep. 358, 24 S. W. 408; 2 Bishop, New Crim. Proc. sec. 411.

The third count charges that the dangerous weapon with which the assault was committed was held in the hand of George Barton, one of the defendants. The verdict against Polen under this count was virtually set aside because he was adjudged guilty and sentenced under the fifth count only, which charged him with holding the brick.

The exception to the count, however, was not well taken.

The defendants were charged as principals. They were acting together, and the act of one was the act of each. The question is set at rest by sec. 908 of the Code* [31 Stat. at L. 1337, chap. 854].

*People* v. *Outeveras,* 48 Cal. 19, 23; *People* v. *Bliven,* 112 N. Y. 79, 83, 8 Am. St. Rep. 701, 19 N. E. 638; *State* v. *Hessian,* 58 Iowa, 68, 70, 12 N. W. 77; *Noble* v. *People,* 23 Colo. 9, 13, 45 Pac. 376; *Spies* v. *People,* 122 Ill. 1, 101, 3 Am. St. Rep. 320, 12 N. E. 865, 17 N. E. 898, 6 Am. Crim. Rep. 570.

Under that section the indictment was unnecessarily elaborate.

The judgment is affirmed.                          *Affirmed.*

2. Under rule 20 of the rules of practice before the municipal court, requiring that the approval of an undertaking on an appeal shall not

---

*Sec. 908, D. C. Code, reads as follows: "Persons Advising, Inciting, or Conniving at Criminal Offense to be Charged as Principals.—In prosecution for any criminal offense, all persons advising, inciting, or conniving at the offense, or aiding or abetting the principal offender, shall be charged as principals, and not as accessories, the intent of this section being that as to all accessories before the fact, the law heretofore applicable in cases of misdemeanor only shall apply to all crimes, whatever the punishment may be."—Reporter.