El Pueblo de Puerto Rico, demandante y apelado, *v.* Rafael Rigual, acusado y apelante.

Núm. 6640.—*Sometido:* Julio 19, 1937. *Resuelto:* Julio 24, 1937.

*R. Cuevas Zequeira*, abogado del apelante; *R. A. Gómez, Fiscal,* y *Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

El Juez Asociado Señor Hutchison emitió la opinión del tribunal.

Rigual fué convicto de acometimiento y agresión.

El primer señalamiento es al efecto de que la Corte de Distrito cometió error al declarar sin lugar una moción solicitando la absolución del acusado por la discrepancia existente entre las alegaciones de la denuncia y la evidencia presentada por El Pueblo. La denuncia alegaba que Rigual había cometido la agresión con los puños, infiriéndole contusiones en la cara a Víctor Rivera. La prueba aducida durante el juicio demostró que un tal Benjamín Rodríguez Orta, a quien Rigual había empleado e incitado a cometer la agresión, fué en realidad el agresor.

Los artículos 18 y 36 del Código Penal y el artículo 93 del Código de Enjuiciamiento Criminal leen así:

"Artículo 18.—Salvo los casos en que se hubiera prescrito distinta pena, todo cómplice será castigado con pena de presidio por un término máximo de siete años, o de cárcel por un término que no excederá de dos años, o con multa máxima de cinco mil *dollars*.

"El ayudar a cometer un *misdemeanor* (delito menos grave) constituye *misdemeanor*.

"Artículo 36.—Todas las personas complicadas en la comisión de un crimen, ya fuere *felony* o *misdemeanor*, y que directamente cometieren el acto constitutivo del delito, o no hallándose presentes, hubieren aconsejado su comisión o incitado a ella; y todas las personas que aconsejaren o incitaren a menores de catorce años, lunáticos o idiotas, a cometer algún crimen; o que, por medio de fraude, artificio, o violencia, ocasionaren la embriaguez de otra persona con el fin de hacerle cometer un crimen, son principales o autores en el crimen cometido.

"Artículo 93.—En la acusación contra personas que han tenido participación en la perpetración de un delito grave (*felony*), ya hayan cometido directamente el hecho constitutivo del delito o hayan ayudado a llevar a término la comisión del mismo, aunque ninguna persona sea perseguida, juzgada y castigada como autor, no necesita exponerse hecho alguno fuera de los necesarios en la acusación contra el autor."

Se arguye sustancialmente que basándose en el principio de la máxima *expressio unius est exclussio alterius* el artículo 93 no es aplicable a delitos menos graves. Esta contención pasa por alto el estado del derecho común que hizo necesario se aprobara la disposición estatutaria de que se tomó el artículo 93 de nuestro Código de Enjuiciamiento Criminal. "En delitos menos graves siempre ha sido la regla que un acusado puede ser convicto bien mediante prueba de ser un principal o mediante prueba de ser un cómplice (*accessory*)." 1 R.C.L. 147, sec. 26. Véanse también: 16 C. J. 120, sec. 101; íd. 121, sec. 103; 1 Wharton Criminal Law 347, sec. 261; íd. 1106, sec. 812; 7 Cal. Jur. 887, sec. 38.

*People* v. *Campbell*, 40 Cal. 129, y *People* v. *Trim*, 39 Cal. 75, citados por el apelante, son discutidos y prácticamente revocados en el caso de *People* v. *Outeveras*, 48 Cal. 19.

La corte de distrito no cometió error al declarar sin lugar la moción solicitando la absolución del acusado basada en el fundamento de una incongruencia carente de importancia que no perjudicaba al acusado en ningún derecho sustancial ni afectaba la cuestión de su culpabilidad o inocencia del delito imputádole. Véase *El Pueblo* v. *Vélez*, 32 D.P.R. 382, y casos allí citados.

El segundo señalamiento es que la corte de distrito cometió error al declarar a Rigual culpable basada en el testimonio de un cómplice cuya declaración no fué corroborada de acuerdo con la ley. Hemos examinado la prueba y hallamos que el testimonio del cómplice fué corroborado suficientemente por el de otros testigos tendiente, sin la ayuda de la declaración del cómplice, a conectar a Rigual con la comisión del delito en la forma exigida por el artículo 253 del Código de Enjuiciamiento Criminal.

*La sentencia apelada debe ser confirmada.*

El Juez Asociado Señor Córdova Dávila no intervino.