UNITED STATES *v.* WARNER and another, impleaded, etc.

(*Circuit Court, S. D. New York.*  February 13, 1886.)

1. NATIONAL BANKS—INDICTMENT—AIDING AND ABETTING DIRECTOR IN MISAPPLYING FUNDS OF BANK.

 An indictment seeking to charge defendants with aiding and abetting a director of a national bank in misapplying the funds of the bank, must state facts showing a misapplication of money of the bank committed by the director.

2. SAME—MISAPPLICATION OF FUNDS—OVERDRAFT BY DIRECTOR.

 A director of a national bank, who, knowing that he has no money to his credit in the bank, and no right to draw money therefrom, obtains money from the bank to which he has no right, by means of an overdraft, made with intent to defraud, and converts the same to his own use, in fraud of the bank, is guilty of a misapplication of the funds of the bank.

BENEDICT, J.  The brief in behalf of the government, submitted yesterday, fails to point out any way of escape from the difficulty in the indictment, in its present form, which was apparent at the time of the oral argument.  That difficulty is that the indictment contains no averment of a conversion by Ward of the money of the association which the indictment states was paid by the association to Warner. The indictment seeks to charge the defendants, Warner and Work, as aiders and abettors of Ferdinand Ward in a willful misapplication by Ward of the money of the Marine Bank, of which association Ward was at the time a director.  An indictment of this character, as all concede, to be good against the defendants, Warner and Work, must state facts showing a misapplication of the money of the association committed by Ward.

The supreme court of the United States, in *U. S.* v. *Britton,* 107 U. S. 666, S. C. 2 Sup. Ct. Rep. 512, has expressly declared a conversion of the funds of the association by the party charged to be a necessary ingredient of the offense of misapplying the funds by an officer of the association.  According to this decision, an essential fact to be averred and proved in this case is the conversion by Ward

of the moneys in question. This essential fact the indictment omits to state. There is a statement that Ward intended that he and Warner and Work should convert to their own use the money in question, but there is no statement that such a conversion by Ward was thereafter effected. This omission, under the decision referred to, must be held fatal; and for this reason, therefore, there must be judgment for the defendants, Warner and Work, upon the demurrer.

The argument made at the hearing upon the demurrer was not confined to matters of form, and omissions capable of correction, but assumed a wider scope, and renders it proper for me, at this time, to say for the information of counsel, that I do not assent to the proposition that no offense against the laws of the United States is committed by a director of a national bank who, knowing that he has no money to his credit in the bank, and no right to draw money therefrom, obtains money from the bank to which he has no right, by means of his overdraft, made with intent to defraud, and converts the same to his own use in fraud of the bank. In my opinion, the statute is not confined to acts done by an officer of the bank in the exercise of power acquired by means of his office. Its intention was to punish certain acts, which it describes, when such acts are done by one holding the relation to the bank of president, director, cashier, teller, clerk, or agent. Among the acts enumerated is the act of misapplying money of the association, and, as I conceive, a conversion, by a director, of money of the bank of which he has acquired the possession or control by means of his overdraft, drawn without right and with intent to defraud, would constitute a misapplication of money of the association, within the meaning of the statute. Such act would, moreover, involve a violation of duty on the part of the director.

The present indictment, as already pointed out, does not state such a case, and for the reasons given cannot be upheld. What has been said applies as well to the counts for abstraction, as to the counts for misapplication. I see nothing in the point made that each count in the indictment is really two counts.

Let there be judgment for the defendants upon the demurrer.