FOREMAN v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit. December 5, 1918.)

No. 1648.

1. POISONS ⬤⇒9—HARRISON NARCOTIC ACT—OFFENSES—INDICTMENT.

An indictment charging in substance that defendant did "dispense, distribute and sell" a derivative of opium to persons named without a written order on the prescribed form and not in the course of his professional practice as a physician *held* to charge an offense under Harrison Narcotic Act Dec. 17, 1914, § 2 (Comp. St. § 6287h).

2. WORDS AND PHRASES—"DISPENSE"—"DISTRIBUTE."

To dispense is to deal out or divide out generally, while to distribute is to deal or divide out in proportion or in shares.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Dispense; Distribute.]

3. INTERNAL REVENUE ⬤⇒2—HARRISON NARCOTIC ACT—CONSTITUTIONALITY.

The provisions of Harrison Narcotic Act Dec. 17, 1914, § 2 (Comp. St. § 6287h) which impose restraints on the disposition of narcotic drugs by one who has registered and paid the tax as a physician or dealer have direct relation to the revenue provisions of the Act and are within the constitutional powers of Congress.

4. POISONS ⬤⇒4—HARRISON NARCOTIC ACT—OFFENSES—"SALE" OF NARCOTICS.

The mere issuance of a prescription by a physician for a narcotic drug, to be filled by any druggist, without participation by the physician in the sale made under it is not a sale or such dispensing or distribution as amounts to a sale within the meaning of Harrison Narcotic Act Dec. 17, 1914, § 2 (Comp. St. § 6287h).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Sale.]

In Error to the District Court of the United States for the Eastern District of Virginia, at Norfolk; Edmund Waddill, Judge.

Criminal prosecution by the United States against Walter T. Foreman. Judgment of conviction, and defendant brings error. Reversed.

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

D. Lawrence Groner, of Norfolk, Va. (R. M. Lett, of Newport News, Va., on the brief), for plaintiff in error.

Hiram M. Smith, Asst. U. S. Atty., of Richmond, Va. (Richard H. Mann, U. S. Atty., of Petersburg, Va., on the brief), for the United States.

Before KNAPP and WOODS, Circuit Judges, and McDOWELL, District Judge.

WOODS, Circuit Judge. Defendant was convicted and sentenced under an indictment which in the first count charges that on November 27, 1916, he did—

"unlawfully and feloniously dispense, distribute, and sell to one Elsie Davis a certain quantity of a certain derivative of opium, to wit, three grains of morphine sulphate, he, the said Walter T. Foreman, then and there issuing to the said Elsie Davis a certain prescription wherein he, the said Walter T. Foreman, prescribed for the said Elsie Davis three grains of morphine sulphate, which said prescription, so issued by the said Walter T. Foreman to the said Elsie Davis, was not issued by Walter T. Foreman in the course of his professional practice only, and which morphine sulphate was not dispensed, distributed, sold, bartered, exchanged, or given away in pursuance of a written order from the said Elsie Davis on a form issued in blank by the Commissioner of Internal Revenue for that purpose."

Two other counts make the same charge as to sales of different amounts of the same drug by prescriptions given to other persons.

[1] The demurrer to the indictment was properly overruled. Section 1 of the act of 1914 (Act Dec. 17, 1914, c. 1, 38 Stat. 785 [Comp. St. § 6287g]) requires, under penalty, registration and payment of a tax of $1 as a condition of production, importation, manufacturing, compounding, dealing in, dispensing, distributing, or giving away opium or its derivatives. Section 2 (section 6287h) regulates, in the public interest, traffic in the deleterious drugs by those who have registered and paid the tax, by forbidding under penalty—

"any person to sell, barter, exchange, or give away any of the aforesaid drugs except in pursuance of a written order of the person to whom such article is sold, bartered, exchanged, or given, on a form to be issued in blank for that purpose by the Commissioner of Internal Revenue."

The order forms can be issued only to those persons who have registered and paid the tax.

This section in terms provides that it shall not apply "to the dispensing or distribution of any of the aforesaid drugs to a patient by a physician, dentist, or veterinary surgeon registered under this act in the course of his professional practice only," or "to the sale, dispensing, or distribution of any of the aforesaid drugs by a dealer to a consumer under and in pursuance of a written prescription issued by a physician, dentist, or veterinary surgeon registered under this act."

The substance of the charge in the indictment is that defendant did dispense, distribute and sell opium to the persons named without a written order and not in the course of his professional practice. The indictment being laid under section 2 of the act, it is necessary to

allege either sale, barter, exchange, or gift of the drug. In criminal law all these terms connote ownership, possession, or control, actual, apparent, or pretensive, in the dealer for himself or for another, and the voluntary parting with that ownership, possession, or control.

[2] To dispense is to deal out or divide out generally; to distribute is to deal or divide out in proportion or in shares. These words also connote ownership, possession, or control, actual, apparent, or pretensive, in the dispenser for himself or another, and the voluntary parting with the possession, ownership, or control; but the general allegation of dispensing or distribution would not indicate whether the voluntary parting with possession, ownership, or control was by selling, or bartering, or exchanging, or giving. Hence, if the indictment had charged only distribution and dispensing, the words would be too general to indicate with certainty whether the particular statutory offense charged was sale or barter or exchange or gift of the drug.

But the charge in the indictment of selling without the order required is a charge of one of the precise acts denounced in the statute. The dependent clause "issuing to the said Elsie Davis a certain prescription and," etc., does not affect the matter, for proof of a sale without the order would be sufficient, even if made under the guise of a prescription. The defendant was therefore informed by the indictment that he was charged with selling to the persons named. Whether proof that the defendant had made a sale in some other way than under the guise of a physician's prescription would have been fatal variance between the charge and the proof is a question which does not affect the validity of the indictment.

[3] The indictment is attacked on the additional ground that it charges no offense which the Congress had the power to create. The act was sustained as a revenue measure in United States v. Moy, 241 U. S. 394, 36 Sup. Ct. 658, 60 L. Ed. 1061, Ann. Cas. 1917D, 854. It is argued that, when the dealer complies with the first section of the act by registry and payment of the tax, all that affects the revenue is done, and that the further restraints on his business provided by the second section of the act do not affect the revenue, and are therefore invalid as an attempted invasion of the police power of the states. The Supreme Court has answered such objections by holding that in a revenue statute the Congress may make any rule or regulation which is not in itself unreasonable, although its effect on the revenue be only remote or incidental, and its effect on the public health or morals direct and obvious. In re Kollock, 165 U. S. 526–536, 17 Sup. Ct. 444, 41 L. Ed. 813; Felsenheld v. United States, 186 U. S. 126, 22 Sup. Ct. 740, 46 L. Ed. 1085. All the regulations of section 2 tend to promote public health and morals and doubtless that consideration influenced its enactment. But these regulations also bear directly on the revenue in that the procurement of the drugs only on orders and prescriptions to be filed and kept enable the officers of the government to ascertain whether unregistered persons are using the orders and prescriptions authorized by the statute. These requirements are also

valuable in connection with section 1 providing for the collection of the current revenue in that the information as to the extent of the business to be derived from the orders and prescriptions filed may be of value in fixing the tax upon dealers.

[4] There was no motion to direct a verdict for failure of evidence, and therefore the assignment of error in refusing to direct acquittal is without foundation. The omission is not material, however, since the sufficiency of the evidence is involved in the assignment of error in the following instruction to which exception was taken:

"And the court further charges you, as a matter of law, that the issuing of prescriptions by a registered physician to persons other than his patients, and in the course of his professional practice only, whereby they could procure and did procure the inhibited drugs, is a sale, a dispensing and distribution, of such drugs within the meaning of the act of Congress under which the accused is being prosecuted."

Resolving all conflicting testimony against the defendant, no direct sale, barter, exchange, or gift, and no dispensing or distribution that would denote participation in a sale, barter, exchange, or gift by him, was proved. He registered and paid the tax. Afterwards he gave prescriptions for morphine and cocaine to the persons named in the indictment, who were drug addicts, calling for such quantities of the drugs as to indicate that he was merely gratifying the craving of the addicts and that he was not seeking to cure them of the habit. The drugs were not furnished by the defendant. On the contrary, the prescriptions were carried by the recipients to different registered druggists and by them filled. There was no evidence that defendant was interested in the business of any of the druggists, or had any arrangement to share the profits of the sales with them, or that he was agent for any druggist, or that he even knew where the prescriptions were to be carried. What the statute forbids is sale, barter, exchange, or gift, including such distribution and dispensing by a physician not in the course of his practice as would amount to participation in a sale, barter, exchange, or gift. The mere issuance of a prescription by a physician to be filled by any druggist, without participation by the physician in the sale made under it, would not be a sale as charged in the indictment, or such distribution or dispensing as amounts to a sale. The instruction quoted was therefore erroneous.

Reversed.

McDOWELL, District Judge, concurs, except as to the ruling on the demurrer.