UNITED STATES v. LOEWENTHAL.

(District Court, N. D. Ohio, E. D. April 24, 1919.)

No. 4283.

1. POISONS ⊜⟶2—HARRISON NARCOTIC ACT.
Harrison Narcotic Act, §§ 1, 2 (Comp. St. §§ 6287g, 6287h), are constitutional.

2. INDICTMENT AND INFORMATION ⊜⟶111(1)—NEGATIVING EXCEPTIONS—HARRISON NARCOTIC ACT.
Under Rev. St. § 1025 (Comp. St. § 1691), providing that defects of form, not prejudicing defendant, shall not invalidate indictments, and Harrison Narcotic Act, § 8 (Comp. St. § 6287n), relative to negativing exceptions in an indictment, an indictment under sections 1 and 2 of the Harrison Act (sections 6287g, 6287h) need not negative exceptions in those sections.

3. INDICTMENT AND INFORMATION ⊜⟶71, 125(3)—HARRISON NARCOTIC ACT.
Indictment under Harrison Narcotic Act, §§ 1, 2 (Comp. St. §§ 6287g, 6287h), charging accused with dealing in forbidden drugs without having registered and paid the special tax, *held* not bad for duplicity, or because vague, indefinite, and uncertain.

Moritz Loewenthal was indicted under the Harrison Narcotic Act. On demurrer to indictment, and motion to quash certain counts. Overruled.

E. S. Wertz, U. S. Atty., of Cleveland, Ohio, Joseph C. Breitenstein, Asst. U. S. Dist. Atty., of Cleveland, Ohio, and Chas. H. Isbell, Asst. U. S. Dist. Atty, of Akron, Ohio.

W. H. Boyd and Cary R. Alburn, both of Cleveland, Ohio, for defendant.

WESTENHAVER, District Judge. [1] Upon a demurrer the constitutionality of the Harrison Narcotic Act (Act Dec. 17, 1914, c. 1, 38 Stat. 785 [Comp. St. §§ 6287g–6287q]) is raised. This proposition is ruled by United States v. Jin Fuey Moy, 241 U. S. 394, 36 Sup. Ct. 658, 60 L. Ed. 1061, Ann. Cas. 1917D, 854, United States v. Doremus, 249 U. S. 86, 39 Sup. Ct. 214, 63 L. Ed. ——, and Webb et al. v. United States, 249 U. S. 96, 39 Sup. Ct. 217, 63 L. Ed. ——, both decided by the United States Supreme Court March 3, 1919.

[2] Upon argument it is urged that the indictment is insufficient, in that all the exceptions contained in sections 1 and 2 of the act are not negatived. Section 1025, United States Revised Statutes (Comp. St. § 1691), provides that no indictment shall be deemed insufficient by reason of any defect or imperfection in matter of form only which will not tend to the prejudice of the defendant. It has frequently been held that an indictment is sufficient if it charges the substance of the offense. Section 8 of the Harrison Narcotic Drug Act provides that in any indictment under the act it shall not be necessary to negative the exceptions. This language is so phrased that the contention has been made that it is limited to the exceptions contained in section 8. So far as considered by the courts, a broader interpretation has been given thereto, and indictments in the form of this one have been frequently held to be good. Fyke v. United States (5 C. C. A.) 254 Fed. 225, ——

C. C. A. ——, syllabus 4; decision of Thomson, District Judge, in United States v. Brun, November 20, 1918, submitted in manuscript (jury trial, no opinion). I am of opinion that this objection is not sustained.

[3] The motion to quash counts 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, and 26, is based on the proposition that they are bad for duplicity, inasmuch as it is asserted that two offenses are charged in each count thereof, and that the counts are vague, indefinite, and uncertain.

Defendant is charged with dealing in the forbidden drugs without having registered and paid the special tax required by law. The substance of the offense consists in dealing in these drugs, and, in my opinion, two offenses are not alleged, and these counts are not vague, indefinite, and uncertain because of the allegation that defendant does not register and pay the special tax.

The demurrer and motion to quash will both be overruled. An exception will be noted on behalf of defendant.