## DI PRETA v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. December 15, 1920.)

No. 75.

1. **Criminal law ⟨Key⟩1159(2)—Verdict not reviewed in respect to weight of evidence.**

    The Circuit Court of Appeals cannot review the verdict of a jury in respect to the weight of the evidence.

2. **Criminal law ⟨Key⟩1050, 1129(1)—Sufficiency of indictment considered on appeal, without exception or assignment of error.**

    Where writ of error brings up the judgment roll, the appellate court is authorized and required to consider the sufficiency of the indictment on its face, although there is no exception or assignment of error.

3. **Indictment and information ⟨Key⟩110(3)—Indictment in language of Harrison Act sufficient.**

    An indictment substantially in the language of the second section of the Harrison Act (Comp. St. § 6287h) is sufficient.

4. **Indictment and information ⟨Key⟩111(1)—Information under Harrison Act need not negative exception as to physician's prescription.**

    A count in an indictment under the second section of the Harrison Act (Comp. St. §§ 6287h), charging defendant with aiding and abetting under Criminal Code, § 332 (Comp. St. § 10506), need not negative the exception that drugs may be issued under a prescription.

5. **Criminal law ⟨Key⟩59(2)—Acts of principal chargeable to accessory under Penal Code.**

    The acts of the principal become the acts of the accessory or aider, and he may be charged as having done the act himself, and be indicted and punished accordingly, under Pen. Code, § 332 (Comp. St. § 10506), making the accessory a principal.

In Error to the District Court of the United States for the Southern District of New York.

Michael A. Di Preta was convicted of a violation of the Harrison Act, and brings error. Affirmed.

William F. Leahy and Harry A. Grant, both of Washington, D. C., for plaintiff in error.

Francis G. Caffey, U. S. Atty., of New York City (David V. Cahill, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Before WARD, ROGERS, and HOUGH, Circuit Judges.

HOUGH, Circuit Judge. The plaintiff in error, who is a physician, was convicted upon one count of an indictment charging him with violations of the Harrison Act, 38 Stat. 785 (Comp. St. §§ 6287g-6287q). The court in question charged that on February 2, 1918, one Petraglia did within the jurisdiction of the court—

"knowingly, willfully, unlawfully, and feloniously dispense, distribute, sell, barter, and exchange to Gottlieb Haneke a certain quantity of a derivative of opium, to wit, 60 grains * * * of heroin, not in pursuance of a written order of the said Gottlieb Haneke on a form issued in blank for that purpose by the Commissioner of Internal Revenue."

The count then charged that Di Preta did within the jurisdiction aforesaid and on the said 2d of February, 1918—

"knowingly, willfully, unlawfully, and feloniously aid, abet, counsel, command, induce, and procure the said Petraglia to dispense, sell, distribute, barter, and exchange the aforesaid [heroin] to the said Gottlieb Haneke, not in pursuance of a written order of said Gottlieb Haneke on a form issued in blank for that purpose by the Commissioner of Internal Revenue."

Testimony was ample to the effect that Di Preta sold to all and sundry so-called prescriptions for what are called "habit-forming drugs," and he sometimes suggested (and did suggest to Haneke) that the recipients of these prescriptions should have them filled at Petraglia's drug store. The verdict imports, and the evidence is full to the point, that Di Preta did not issue the prescriptions, nor issue this particular prescription, in good faith.

[1] There were no exceptions worthy of mention taken at the trial, and the assignments of error, though numerous, are but various ways of stating the proposition that the verdict was against the evidence, or the weight of the evidence. That this court cannot review the verdict of the jury in respect of the weight of the evidence has been so often decided as not to justify any citation of authority. That there was no evidence in support of the jury's conclusion is untrue.

[2] The writ, however, does bring up the judgment roll, and we are urged to consider, and without exception or assignment of error we are authorized and required to consider, the sufficiency of the indictment on its face.

[3] It is framed under the second section of the statute known as the Harrison Act, and charges Petraglia with dispensing the drug substantially in the language of the statute. That this is sufficient is not, we think, denied, and is at all events (considering the fullness of the statute) undeniable.

[4] It then charges Di Preta with aiding and abetting under Criminal Code, § 332 (Comp. St. § 10506), which makes a principal of any one who aids or abets in the commission of "any act constituting an offense defined by any law of the United States." It seems to be thought that the count in question is invalid because it does not negative the exceptions of the statute in favor of physicians, or because it does not give any details as to how or in what manner Di Preta abetted Petraglia.

Subdivision (b) of the second section of the act does except the dispensing of drugs by a dealer to a consumer in pursuance of a written prescription (under certain circumstances not here material). But a prescription issued under the circumstances amply shown in this case is not a prescription at all. Webb v. United States, 249 U. S. 96, 39 Sup. Ct. 217, 63 L. Ed. 497. Consequently it is no exception; nor is it necessary to negative the exceptions under this section of the statute. United States v. Jin Fuey Moy (D. C.) 253 Fed. at page 215, affirmed in United States Supreme Court, 254 U. S. 189, 41 Sup. Ct. 98, 65 L. Ed. ——.

Exactly the facts here complained of sustained conviction in Doremus v. United States (C. C. A.) 262 Fed. 849. That plaintiff in error could not have been charged with "dispensing, distributing, or selling" what he gave Haneke a so-called prescription for (Foreman v. United

States, 255 Fed. 621, 166 C. C. A. 655), is not here material. The question is whether anything more is necessary than a charge properly laid against Petraglia and an allegation of aiding and abetting in respect of Di Preta.

[5] At common law Di Preta would have been an accessory before the fact; but the Penal Code makes him a principal. Thus the acts of the principal become the acts of the accessory or aider, and such accessory may be charged as having done the act himself, and be indicted and punished accordingly. Spies v. People, 122 Ill. 1, 12 N. E. 865, 17 N. E. 898, 3 Am. St. Rep. 320. And see Vane v. United States, 254 Fed. at page 33, 165 C. C. A. 438. It is at the option of the pleader whether, when the accessory before the fact is by statute made a principal, he be charged as doing the thing directly or through the principal. Bishop, New Crim. Proc. vol. 1, p. 214, citing, especially, People v. Bliven, 112 N. Y. 79, 19 N. E. 638, 8 Am. St. Rep. 70. And generally where the distinction between principals and accessories before the fact has been abolished, such accessory may be indicted as if he were a principal, without setting out the facts by which he aided and abetted or advised and procured the commission of the crime. 22 Cyc. 361.

Judgment affirmed.