## UNITED STATES v. KEIDANZ.

(District Court, S. D. New York. January 25, 1921.)

Poisons ⬅4—Physician wrongfully issuing prescription for opium chargeable with unlawful sale.

A physician *held* chargeable with the offense of selling opium, in violation of Harrison Anti-Narcotic Act, § 2 (Comp. St. § 6287h), where for a consideration he issued an order or prescription for opium, not in the regular course of his practice, but to an addict, for a prohibited use, although the prescription was filled by a dealer who acted in good faith and without knowledge that it was wrongfully issued.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Criminal prosecution by the United States against Emil H. Keidanz. On demurrer to indictment. Demurrer overruled.

Griffiths, Sarfaty & Content, of New York City, for defendant.

DIETRICH, District Judge. The one question submitted is whether an offense is charged against the United States under section 2 of the Harrison Anti-Narcotic Act of December 17, 1914 (38 Stat. 785 [Comp. St. § 6287h]), where it appears that for a consideration the defendant issued an order or "prescription" for opium, not in the regular course of his professional practice, but to an "addict," for a prohibited use, and that thereupon, as was intended, the addict presented the prescription to and had it filled by a dealer, who had no reason to believe that it had been wrongfully issued. The act makes it unlawful for any one to "sell, barter, exchange or give away" opium, except in a case, among others, where it is dispensed or prescribed by a physician "in the course of his professional practice only," and admittedly, under the construction recently placed upon these provisions by the Supreme Court in Jin Fuey Moy (No. 44, December 6, 1920) 254 U. S. 189, 41 Sup. Ct. 98, 65 L. Ed. ——, the physician as well as the dealer may be convicted, where both have the requisite criminal intent.

The real contention of the defendant, therefore, is that while he set on foot a plan for the commission of a crime, and performed the first act towards its accomplishment, he cannot be held responsible, because, as was intended, the offense was consummated through an innocent agency. To such a view I am unable to assent. The injunction of the statute has been violated by the defendant's willful procurement and participation, and the quality of his act is not affected by the fact that another agency innocently co-operated. In the Jin Fuey Moy Case it is expressly held:

"That one may take a principal part in a prohibited sale of an opium derivative belonging to another person by unlawfully issuing a prescription to the would-be purchaser."

Such a part the indictment here alleges the defendant took, and he cannot claim immunity upon the ground that the dealer accepted the prescription in good faith and filled it without knowledge of its unlawful purpose. In so far as this view conflicts with United States v. Foreman (C. C. A.) 255 Fed. 621, and Doremus v. United States (C. C. A.) 262 Fed. 849, the conclusions there reached are thought to be out of harmony with the Jin Fuey Moy Case.

Demurrer overruled.