### EL AMIGO.

### IMPORTERS S. S. CO. v. HOUSTON MARINE ENGINEERING WORKS et al.

(Circuit Court of Appeals, Fifth Circuit. January 3, 1923. Rehearing Denied February 3, 1923.)

No. 3877.

1. **Maritime liens ☞28—Furnishers of supplies held entitled to lien.**

A maritime lien, under Act June 23, 1910, §§ 1–3 (Comp. St. §§ 7783–7785), for supplies furnished a foreign vessel on orders of the person operating the vessel and claiming to be the owner, is not defeated by showing that such person was charterer, without authority to bind the vessel, where those furnishing the supplies had no knowledge or means of knowledge of such fact.

2. **Maritime liens ☞8—Charging supplies to person ordering does not affect right to lien.**

Where necessaries are furnished to a vessel under circumstances giving rise to a lien, the furnisher's right to a lien is not affected by his charging the price against the person on whose orders he acted.

3. **Maritime liens ☞9—Stevedore entitled to lien.**

A stevedore, rendering services in loading or discharging a vessel in other than her home port, has a maritime lien therefor.

4. **Maritime liens ☞9—Stevedore held entitled to lien for cost of accident insurance.**

Where it was understood that a premium for accident insurance was included in the contract price for stevedore services, the lien therefor includes such premium.

5. **Wharves ☞18—Taking of bond by city for wharfage charges held not waiver of lien.**

Taking of a bond by a city from an operator of vessels to secure payment of wharfage charges *held* not a waiver by the city of its right to a maritime lien therefor.

Appeal from the District Court of the United States for the Southern District of Texas; J. C. Hutcheson, Jr., Judge.

Suit in admiralty by the Houston Marine Engineering Works and others against the steamship El Amigo; the Importers' Steamship Company, claimant. From the decree, claimant appeals. Affirmed.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Charles J. Stubbs and James B. Stubbs, both of Galveston, Tex., for appellants.

Lewis R. Bryan, of Houston, Tex., and H. C. Hughes, of Galveston, Tex. (Rodman S. Cosby and Baker, Botts, Parker & Garwood, all of Houston, Tex., on the brief), for appellees.

Before WALKER, BRYAN, and KING, Circuit Judges.

WALKER, Circuit Judge. This is an appeal from a decree which allowed claims asserted against the steamship El Amigo, which, after it was libeled, was claimed by the appellant Importers' Steamship Company. Four of the allowed claims were for supplies, repairs, or other necessaries furnished to the vessel while it was in the port of Houston, one was for stevedore services, and one was a claim of the city of Houston for wharfage, storage, etc.

[1] During the time the supplies, etc., were furnished the vessel, which was a foreign one, flying the flag of Panama, was operated under the name of Houston-Tampico Steamship Company, and was engaged in making voyages between Houston and Tampico. Sometimes the orders for what was furnished to the vessel were given by J. A. Miller, and sometimes by Frank Northrup. The place of business of each of those persons was the office in Houston of the Houston-Tampico Steamship Company, which was merely a name under which business was transacted. What was so ordered was furnished to the vessel with the knowledge and acquiescence of the master or officer in immediate charge thereof.

In the trial the claimant offered in evidence an instrument, dated prior to the time the supplies, etc., were furnished, which purported to be a charter party between the Importers' Steamship Corporation and "Houston-Tampico Steamship Company of Houston, Texas, owned by J. A. Miller, of Houston, Texas," whereby the latter hired the vessel from the former for a period which included the times when the supplies, etc., were furnished; the instrument stating that "this charter is a charter of a bare boat," and containing provisions requiring the charterer to pay all necessary expenses of the operation of the vessel, and to give a bond with sureties in the sum of $50,000, indemnifying the owner against any and all claims that might be asserted against the vessel and arising out of the operation of it under the charter. Such bond was never given.

After the claims sued on had accrued, Northrup, claiming to represent the owner of the vessel, offered to give a mortgage on it to secure some of those claims. There was no evidence tending to prove that, at or prior to the times the debts were contracted, any of the creditors were informed of the existence of the charter party. To some of them Miller stated that he was the owner of the vessel. He did not state or intimate to any of them that he was not the owner.

Houston-Tampico Steamship Company, alias Miller, being one to whom the management of the vessel at the port of supply was intrusted, presumably had authority from the owner to procure repairs, supplies, and other necessaries for the vessel. Act June 23,

1910, § 2, 36 Stat. 605, U. S. Comp. St. § 7784. Counsel for the appellants invokes the provision of section 3 of the just cited act:

"But nothing in this act shall be construed to confer a lien when the furnisher knew, or by the exercise of reasonable diligence could have ascertained, that because of the terms of a charter party, agreement for sale of the vessel, or for any other reason, the person ordering the repairs, supplies, or other necessaries was without authority to bind the vessel therefor." Comp. St. § 7785.

That provision is rendered inapplicable by the absence of any evidence that, at or prior to the time of furnishing supplies, etc., any of the appellees knew, or by the exercise of reasonable diligence could have ascertained, the existence of the charter party, or that the person ordering the necessaries was without authority to bind the vessel therefor. The Penn (C. C. A.) 273 Fed. 990; W. G. Coyle & Co. v. North American Steamship Corp. (C. C. A.) 262 Fed. 250. On the contrary, the evidence showed that the person having apparent authority to bind the vessel, claimed, during the time the supplies, etc., were furnished, to be, not a charterer, but the owner of the vessel. There was an absence of evidence tending to prove that any of the appellees either knew, or from any accessible source of information could have learned, of the existence of the charter party, or that the ownership of the vessel was other than it appeared and was claimed to be. Furthermore, there was ground for concluding that the charter party which was put in evidence did not represent a real hiring of the vessel, and that those who gave the orders represented the owner of the vessel. None of the claims adjudged is subject to be rejected on the ground suggested.

[2] Where necessaries are furnished to a vessel under circumstances giving rise to a lien on it, the furnisher's right to the lien is not affected by his charging the price against the person on whose orders he acted.

[3, 4] A stevedore, rendering services in loading or discharging a vessel in other than her home port, has a maritime lien therefor. Luckenbach v. Pearce, 212 Fed. 388, 129 C. C. A. 64. An item in the claim for stevedore services was the amount of a premium paid for accident insurance. The evidence showed that, when those services were contracted for, it was understood that such an item was to be included as part of the price to be paid. To disallow that item would amount to depriving the stevedoring company of a lien for part of the agreed price for the services rendered. The objection to that item is not well taken.

[5] It is contended that the claim of the city of Houston should have been disallowed, because of the acceptance by the city of a bond made by J. A. Miller and a surety, in the sum of $2,000, with condition that payment be made of all dockage and other charges accruing in favor of the city from ships operated by Miller. The terms of the bond do not indicate that the acceptance of it was intended to have the effect of waiving, releasing, or discharging any lien the city might acquire. There was no evidence that the city consented to give up its lien, or that the bond was accepted in lieu of claims which might

arise in the city's favor for wharfage, etc. That being so, the city's acceptance of the bond did not deprive it of its lien. The Steamer St. Lawrence, 1 Black, 522, 17 L. Ed. 180; The Alabama (C. C.) 22 Fed. 449; The Queen of St. Johns (C. C.) 31 Fed. 24.

There was no error in the action of the court which is complained of. The decree is affirmed.