## BETHEA v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. July 17, 1924.  Rehearing Denied September 18, 1924.)

No. 3381.

1. **Indictment and information** ⬅️111(1)—**Indictment for violation of Narcotic Act need not negative exceptions in statute.**

In an indictment for dealing in narcotic drugs without being registered, in violation of Harrison Narcotic Act, § 1 (Comp. St. § 6287g), it is not necessary to negative the exceptions in sections 1 and 8 (Comp. St. §§ 6287g, 6287n).

2. **Criminal law** ⬅️37—**Defense of entrapment, inducing sale of narcotic drugs, held not sustained.**

The fact that a sale of narcotic drugs was made by defendant to a person sent for the purpose of making the purchase by an inspector, who had reason to believe that the law was being violated, *held* not to sustain the defense of entrapment.

3. **Poisons** ⬅️9—**Evidence drug was derivative of opium held sufficient.**

On trial for violating Harrison Narcotic Act, §§ 1, 2 (Comp. St. §§ 6287g, 6287h), evidence *held* to support verdict as against contention that morphine hydrochlorine, the drug sold, was not shown to be derivative of opium.

4. **Poisons** ⬅️2 — **Employé, selling narcotic drugs, held required to register under Harrison Narcotic Act as amended; "sells, deals in, or gives away."**

An employé in a drug store, who, not acting within the scope of his employment, on different occasions sold narcotic drugs to a customer, *held* a person who "sells" or "deals in" such drugs, within the meaning of Harrison Narcotic Act, § 1, as amended by Act Feb. 24, 1919

(Comp. St. Ann. Supp. 1919, § 6287g), and required to register thereunder.

In Error to the District Court of the United States for the Northern Division of the Southern District of Illinois.

Criminal prosecution by the United States against Philip Bethea. Judgment of conviction, and defendant brings error. Affirmed.

John E. Daugherty, of Peoria, Ill., for plaintiff in error.

Thos. Williamson, U. S. Atty., of Springfield, Ill., Thomas F. Smith, Asst. U. S. Atty., of Springfield, Ill., and Wm. B. Schroder, Asst. U. S. Atty., of Peoria, Ill., for the United States.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

EVAN A. EVANS, Circuit Judge. Defendant was convicted and sentenced for violating sections 1 and 2 of the Harrison Narcotic Act (Comp. St. §§ 6287g, 6287h), in that he, being "a person who was dealing in, bartering, and selling a certain derivative of opium, had not registered his name and place of business with the collector of internal revenue, etc., and had not paid to said collector the special tax therefor as required by law," and "did unlawfully barter and sell a large quantity of a certain derivative of opium, to wit, morphine hydrochloride, contrary to the form of the statute," etc.

A reversal is sought because (a) the indictment is insufficient; (b) the evidence is insufficient to support a conviction; (c) of errors in instruction; (d) the government was estopped from prosecuting this action.

[1] The attack upon the sufficiency of the indictment is predicated upon the pleader's failure to negative the exception appearing in sections 1 and 8 of this act (Comp. St. §§ 6287g, 6287n). Under repeated decisions it was not necessary for the pleader to negative the exceptions. United States v. Loewenthal (D. C.) 257 Fed. 444; Manning v. United States (C. C. A.) 275 Fed. 29; Di Preta v. United States (C. C. A.) 270 Fed. 73; United States v. Behrman, 258 U. S. 280, 42 Sup. Ct. 303, 66 L. Ed. 619; Rothman v. United States (C. C. A.) 270 Fed. 31; Cabiale v. United States (C. C. A.) 276 Fed. 769; Bacigalupi v. United States (C. C. A.) 274 Fed. 367; last sentence, section 8, Harrison Narcotic Act.

[2] The evidence does not support the contention that defendant was entrapped, or was led into the commission of the crime, by the government's officer. At most the

evidence tends to show that the government inspector, having some reason to believe that morphine and other narcotics were being sold to addicts in the city of Peoria, and further believing that the drugs were obtained in a certain drug store, sent to this place of business an individual who asked the clerk for a "shot" to be administered presently; later he came back with some marked bills, and obtained a large quantity from plaintiff in error, an employee in the drug store, but not a prescription clerk. There was no such showing as was made in the case of Voves v. United States, 249 Fed. 191, 161 C. C. A. 227, or as in Butts v. United States (C. C. A.) 273 Fed. 35, 18 A. L. R. 143; but the facts fall more clearly within the rule announced in Fisk v. United States (C. C. A.) 279 Fed. 12, Lucadamo v. United States (C. C. A.) 280 Fed. 653, and Smith v. United States (C. C. A.) 284 Fed. 673.

[3] The assignment of error dealing with the insufficiency of the evidence to support the verdict rests upon two grounds. It is first urged that the government failed to show that morphine hydrochloride is a derivative of opium. This contention, highly technical, is not borne out by the record. In addition to the testimony of the addict showing that he ordered a "shot," which was administered to him, and that he negotiated for "10 ounces in one bunch," and later called at the drug store, where plaintiff in error weighed out 52 grains, put it in a box, and delivered it to him, there was the testimony of a chemist who analyzed the drug thus received and pronounced it to be "morphine hydrochloride."

There was no suggestion then made that this term was not understood by court, counsel, or jury to include a salt or derivative of opium. In fact, questions propounded to defendant's and government's witnesses seemed clearly to assume that morphine hydrochloride was a derivative of opium. Moreover, one witness, without objection, stated: "I made a test to determine whether it was morphine or not. Q. What was it? A. It was a salt of morphine. * * * I am a graduate in pharmacy and a pharmaceutical chemist. * * * Was 10 years a retail druggist." Numerous courts have held that it is not necessary for the government to show that morphine hydrochloride is a derivative of opium. Hughes v. United States, 253 Fed. 543, 165 C. C. A. 213; Ryan v. United States (C. C. A.) 283 Fed. 976; Greenberg v. United States (C. C. A.) 285 Fed. 868.

[4] More serious is the contention that plaintiff in error was not required to register or to pay a license fee and therefore could not be convicted of the offense charged in the indictment. In United States v. Jin Fuey Moy, 241 U. S. 394, 36 Sup. Ct. 658, 60 L. Ed. 1061, Ann. Cas. 1917D, 854, the court held that only "persons" who came within the class defined by section 1 of the act were required to register. Paragraph 1 defines this class to be "every person who imports, manufactures, produces, compounds, sells, deals in, dispenses, or gives away opium or cocoa leaves, or any compound, manufacture, salt derivative, or preparation thereof."

Does plaintiff in error come within the language of a person who "sells," "deals in," or "gives away"? In United States v. Wong Sing, 260 U. S. 18, 43 Sup. Ct. 7, 67 L. Ed. 105, the court, referring to section 1 and the two classes therein referred to, said: "We are unable to concur with the District Court. The provisions quoted by the court have a certain relation, but they have also a certain independence." One makes it "unlawful for any person to purchase" the drugs; the other "enumerates other persons who have a larger connection with the drugs, and requires them to register the fact and pay the tax prescribed."

Without referring to other decisions, it may be stated to be their holdings that Congress, by the 1919 amendment (Comp. St. Ann. Supp. 1923, § 6287g), evidenced an intention to distinguish between purchasers and sellers. Generally speaking, it is a seller that is referred to in the first paragraph of section 1. True, other persons may be required to register, even though they be not sellers; but their business necessarily contemplates selling. For instance, an importer would not import, a manufacturer would not manufacture, a producer would not produce, nor a compounder compound, excepting for the purpose of a subsequent sale.

This being the basis for the classifications, we see no reason for giving the verbs that define the activity of the person who must register, to wit, "sell, deal in, or give away" any narrow construction. They are in themselves general and comprehensive, and we conclude that they include plaintiff in error.

Other assignments of error need not be discussed elaborately. They have been duly considered. We have given heed to the urge that conviction is based upon the unsupported testimony of an addict. This is not entirely correct. While the addict alone testified to the conversation with plaintiff

in error, other witnesses corroborated him as to possession of marked money when he went into the drug store, and to the morphine hydrochloride in his possession when he reappeared. The issue of guilt was clearly one for the jury.

Likewise, the suggestion that plaintiff in error was an employee of a licensed and registered druggist, and therefore not required to register, is rejected, because the evidence shows he was not acting within the scope of his employment, but entirely independent thereof, in making this sale.

The judgment is affirmed.