## O'BRIEN et al. v. UNITED STATES.

Circuit Court of Appeals, Seventh Circuit.
February 17, 1928.

No. 3965.

**1. Criminal law ⬅️510—Evidence of accomplice witnesses may alone afford basis for conviction in federal court, if believed by jury.**

In federal courts, evidence of accomplice witnesses, if believed by jury, may alone afford basis for conviction; jury being cautioned to scrutinize it with care.

**2. Criminal law ⬅️1159(4)—Circuit Court of Appeals may not set aside judgment of conviction because alone of bad character of accomplice witnesses.**

Circuit Court of Appeals is not at liberty to set aside judgment of conviction because alone of bad character of accomplice witnesses and their admitted participation in planning or executing of crime.

**3. Post office ⬅️45—Defendants not actually present at mail robbery held properly convicted under indictment charging them as principals (Cr. Code, § 332 [18 USCA § 550]).**

Conviction for mail robbery of those not shown to have been actually present and taking part therein *held* justified, under indictment charging them with being principals, and not

aiders and abettors or accessories before the fact, as specified in Criminal Code, § 332 (18 USCA § 550).

**4. Criminal law ⬅️673(4)—Admitting evidence of statements and actions of one defendant, with instruction that other defendants were not bound thereby, held not error.**

In prosecution for mail robbery against several defendants, admitting evidence as to statements and actions of one defendant after his arrest, with instruction that other defendants were not bound thereby, *held* not erroneous.

**5. Criminal law ⬅️576(8)—Defendant may not complain of delay in trial, in absence of demand therefor.**

Where no demand for trial appears, defendant may not complain of delay, but will be held to have acquiesced therein.

**6. Criminal law ⬅️1134(10)—Error is not properly assignable, on appeal from judgment of conviction, because of requiring excessive bail.**

Error is not properly assignable, on appeal from judgment of conviction, because of requiring excessive bail, since, if bail is deemed excessive, relief may be sought by suitable proceedings therefor.

**7. Post office ⬅️45—Defendants not actually participating in mail robbery may be convicted of employing dangerous weapons therein.**

Defendants not actually present and taking part in mail robbery may nevertheless be convicted on charge of having employed dangerous weapons in robbery.

**8. Criminal law ⬅️1177—Conviction and concurrent running of shorter sentence on separate counts does not constitute harmful error, where conviction and sentence under other counts were proper.**

Where sentences on separate counts run concurrently, and judgment under certain counts was properly imposed, conviction and concurrent running of much shorter sentence under other counts can in no event constitute harmful error.

In Error to the District Court of the United States for the Southern Division of the Southern District of Illinois.

Larry O'Brien and others were convicted of robbery of the United States mails and assaulting a mail messenger with dangerous weapons, concealing and aiding in concealing stolen mail matter, and possession of stolen mail matter, and they bring error. Affirmed.

L. E. Stone and John G. Friedmeyer, both of Springfield, Ill., for plaintiffs in error.

Walter M. Provine, of Springfield, Ill., for the United States.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

ALSCHULER, Circuit Judge. Plaintiffs in error, with one Prenable, who was not apprehended, were indicted on four counts. The first and second charged robbery of the United States mails and assaulting a mail messenger with dangerous weapons, the third charged concealing and aiding in concealing stolen mail matter, and the fourth possession of stolen mail matter. The verdict was guilty, and all were sentenced to 25 years' imprisonment in the penitentiary on each of counts 1 and 2, and 5 years on each of counts 3 and 4, the terms to run concurrently.

It is urged that the evidence does not warrant the judgment, particularly as to Katofsky and Vigas. As to all it may be said that, without the evidence of Kirby or Shelton, the government's case would not have been established. Both witnesses admitted that they helped plan the robbery; Kirby withdrawing a short time before it occurred, because dissatisfied with the arrangements, and Shelton admitting actual participation, having been caught practically in the act. One or both testified in detail as to the part played by each of plaintiffs in error in the planning and organization of the robbery, and as to O'Brien's actual participation in it. Careful scrutiny of their testimony convinces us that, if believed by the jury, it is sufficient to sustain the conclusion that all three were instrumental in the instigation and planning of the robbery, and advised, encouraged, or assisted in devising ways and means for carrying it into execution—Katofsky at St. Louis, but not personally within the district where it occurred, Vigas at Springfield, where the robbery was enacted, but not shown to have been actually present and taking part in the robbery, and O'Brien being shown additionally to have assisted in the robbery.

[1] Unquestionably Kirby and Shelton are both disreputable characters, whose testimony a jury should be cautious in accrediting, especially where its effect may be to deprive one of his liberty. But it may well be conceived that a witness, however degraded and criminal, may tell a story which bears the stamp of truth; and so the federal courts have departed from the rule of wholly rejecting the evidence of accomplice witnesses, unless corroborated by other and credible testimony or by facts and circumstances appearing in evidence, and hold that such evidence, if believed by the jury, may alone afford basis for conviction, the jury being cautioned to scrutinize it with care. Caminetti v. United States, 242 U. S. 470, 37 S. Ct. 192, 61 L. Ed. 442, L. R. A. 1917F, 502 Ann. Cas.

1917B, 1168; Wolf v. United States (C. C. A.) 283 F. 885.

[2] Under this rule, and so tested, we are not at liberty to set aside the judgment against any of these plaintiffs in error because alone of the bad character of these witnesses, and their admitted participation in the planning or executing of the crime.

[3] For Katofsky and Vigas, but particularly the former, who was not shown to have come within the court's jurisdiction, it is especially urged that the conviction cannot be sustained under the indictment, which charges them with being principals, and fails to charge them with being aiders and abettors, or accessories before the fact, as specified in section 332 of the Criminal Code (18 USCA § 550), under which those who aid, abet, counsel, command, induce, or procure the commission of an offense defined in any law of the United States are declared to be principals. In the case of Colbeck et al. v. United States (C. C. A.) 10 F.(2d) 401, the identical proposition was urged on behalf of Hackethal, who was not present at that mail robbery. The indictment there was the same as here, charging him as principal only. In view of what we there said, we do not deem it necessary again to discuss the proposition, and we conclude that this objection is not well taken.

[4] For these two plaintiffs in error it is further urged that there was error in admitting evidence of O'Brien's statements and actions after his arrest, and of the fact that, when arrested, he had saws in the soles of his shoes, and that after his confinement bars of his cell were sawed. Clearly the evidence was admissible against O'Brien, notwithstanding he was not indicted or arrested until nearly two years after the commission of the crime—especially after his own admission, when testifying, that shortly after the crime, and ever since, he went under an assumed name, because, as he explained, of this robbery. The court definitely instructed the jury that the others on trial were not bound by this evidence, and that it had application to O'Brien only. This was all the court could or should have done under the circumstances, and no error appears in this respect.

Upon the calling of the case for trial, Vigas moved for his discharge on the ground that his constitutional right to a speedy trial had been transgressed, in that for 13 months after his arrest he was confined in jail awaiting trial in default of bail, which was fixed on this charge at $50,000, and on the charge of conspiracy to commit this crime at $15,-

000; such bail being charged to be excessive, as well as beyond his ability to procure. His constitutional right to a speedy trial is indisputable; but neither Constitution, statutes. nor decisions indicate any rule for determining when or how the right is invaded, nor the manner of its vindication. In the nature of things, it must depend largely upon the circumstances of each case. On his motion for new trial there was submitted an affidavit to the effect that, on arraignment shortly after arrest, he demanded that his trial be set. The court said there is no record of any such demand, and none appears from the transcript.

[5] It has been held that, where no demand for trial appears, one may not complain of delay in the trial, but will be held to have acquiesced in it. Phillips v. United States (C. C. A.) 201 F. 259; Worthington v. United States (C. C. A.) 1 F. (2d) 154. In the last case, eight or nine years intervened between indictment and trial, without objection by the defendant, and it was held by this court that there was a waiver of right to earlier trial. True, in these cases the defendant was at large on bail, but we cannot see any difference in principle. This defendant does not appear to have been unduly restricted in his access to the court, personally or by counsel. Without determining whether delay alone, or what delay, in bringing to trial would entitle to discharge, we may say delay unobjected to, without effort to secure earlier trial, does not alone indicate transgression of right to speedy trial.

[6] As to the complaint of excessive bail, we do not think error is properly assignable thereon. If the bail is deemed excessive, relief may be sought by suitable proceedings, but not through writ of error after conviction of the crime charged.

[7] It is complained that Katofsky and Vigas, particularly the former, could not in any event have been found to have employed dangerous weapons in the robbery, when the evidence did not show them to be present. This question was dealt with by this court in Colbeck v. United States, supra, and Murray v. United States (C. C. A.) 10 F. (2d) 409, and what we there said on that subject has like application here. That the employment of weapons was here contemplated is apparent from the testimony of Kirby and Shelton. Indeed, it was testified that Katofsky, in his shop at St. Louis, had a sawed-off shotgun, like the one that was in fact used at the robbery, and which Kirby said he thought was the very one employed, and Vigas was also connected by the testimony with weapons and the intended use of them in the robbery.

[8] It is contended that plaintiffs in error could in no event be convicted under counts 3 and 4, respectively, for receiving and concealing stolen mail matter and for having possession thereof. True, it does not appear that Katofsky or Vigas ever had physical possession or control of the mail which was stolen; but whatever, if any, question there might be if we were dealing with these two counts alone, under the facts here it is not important. The imposed sentences all run concurrently, and, finding no error in the judgment under the first two counts, no harmful error appears through the conviction under, and the concurrent running of the much shorter sentences of imprisonment imposed under, counts 3 and 4.

The judgment as to each plaintiff in error is affirmed.