## MELLING v. UNITED STATES.

Circuit Court of Appeals, Seventh Circuit.
February 17, 1928.

No. 3968.

**1. Post office ⚖45—Accessory before the fact may properly be convicted as principal on charge of assault with dangerous weapon on one having custody of mails (18 USCA § 550).**

Under 18 USCA § 550, accessory before the fact may properly be convicted as principal on charge of assault with dangerous weapon on one having custody of the mails. .

**2. Post office ⚖49(13)—Evidence held to warrant conclusion of actual participation in assault with dangerous weapon on one having custody of mails.**

Evidence in prosecution for mail robbery *held* to warrant conclusion that one claiming to be only an accessory before the fact actually participated in assault with dangerous weapon on one having custody of the mails.

In Error to the District Court of the United States for the Southern Division of the Southern District of Illinois.

H. C. Moore and A. M. Fitzgerald, both of Springfield, Ill., for plaintiff in error.

Walter M. Provine, of Springfield, Ill., for the United States.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

ALSCHULER, Circuit Judge. Melling and one other were together indicted for participation in the same mail robbery which gave rise to cause No. 3965, O'Brien et al. v. United States, 25 F.(2d) 90, in this court, our opinion wherein is this day also filed. The indictment is the same in form as in the other case. Melling alone was tried, the other defendant not being found, and there was no evidence of the latter's participation in the robbery, nor of any relation whatever between the two. So, for the purpose of this case, the indictment may be considered as if returned against Melling alone.

[1] It is contended that Melling was not actually at the robbery, and could not properly have been found guilty of the charge of assault with a dangerous weapon on one having custody of the mails, a charge which the evidence must establish to justify the 25-year sentence of imprisonment which on his conviction was imposed on him, and it is urged that at the very most the evidence shows him guilty of conspiracy to commit the offense, or of being an accessory before the fact, and that his conviction under the indictment, charging him with the substantive offense only, should not be permitted to stand.

Whether accessories before the fact may be charged and convicted as principals, with others who in fact were principals, we considered and affirmatively held in O'Brien et al. v. United States, supra. We see no difference in principle where the accessory before the fact is alone charged as a principal, or, what we deem the same thing, charged as a principal with another whom the evidence does not show to have been in any manner connected with the offense. The statute declaring the accessory to be a principal (U. S. Code, tit. 18, § 550 [18 USCA § 550]) does not make any such distinction. Under this and similar statutes convictions of single defendants, who were in truth only accessories before the fact, but charged as principals, have been quite generally sustained. Vane v. United States (C. C. A.) 254 F. 32; Di Preta v. United States (C. C. A.) 270 F. 73; Greenberg v. United States (C. C. A.) 297 F. 45; Baxter v. People, 3 Gilman (8 Ill.) 368; People v. Bliven, 112 N. Y. 79, 19 N. E. 638, 8 Am. St. Rep. 701.

[2] There was ample evidence which, if credited by the jury, justified the conclusion that Melling was an accessory before the fact, and therefore, under the statute, a principal, and so warranted the verdict and judgment against him. But, under the evidence, his relation to the crime is not limited to that of accessory. There was evidence from which the jury might have concluded that Melling was, as well, an actual participant in it; not that he personally made the assault or fired a gun, or carried away the mail; but it was testified that his part in the robbery itself was to drive a "relief car," and it positively appears that he was present with his car in the immediate vicinity of the robbery on the midnight when it occurred. This, in connection with the evidence of his intimate knowledge of the location, of his planning for the robbery, of his subsequent meeting with some of the parties to it the next day at a distant place, and of his statement there which indicated his own participation, quite warrants the conclusion of his actual participation.

We see no reason for disturbing the judgment, and it is affirmed.